# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| *EX PARTE* APPLICATION OF XIAOMI | § | |
| TECHNOLOGY GERMANY GMBH AND | § | |
| XIAOMI TECHNOLOGY | § | |
| NETHERLANDS B.V. FOR AN ORDER | § | **Case No. 1:22-mc-00768-LY** |
| PURSUANT TO 28 U.S.C. 1782 TO | § | |
| OBTAIN DISCOVERY FOR USE IN | § | |
| FOREIGN PROCEEDINGS AND A | § | |
| PROTECTIVE ORDER | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**    UNITED STATES DISTRICT JUDGE**

Before the Court is the *Ex Parte* Application of Xiaomi Technology Germany GmbH and Xiaomi Technology Netherlands B.V. for (1) an Order, Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding and (2) a Protective Order, filed August 1, 2022 (Dkt. 1). On August 4, 2022, the District Court referred the Application to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 5.

## I.    Background

Applicants Xiaomi Technology Netherlands B.V., a Dutch limited liability company, and Xiaomi Technology Germany GmbH, a German limited liability company (collectively, "Xiaomi"), are subsidiaries of Xiaomi Corporation, a Chinese manufacturer of cell phones. Crystal Clear Code, LLC ("CCC"), a Texas limited liability company, filed a patent infringement action

1

against Xiaomi in the Munich District Court I, case number 21 O 11199/21 (the "German litigation").

Xiaomi submits this *ex parte*[1] application under 28 U.S.C. § 1782 to obtain discovery from CCC for use in the German litigation. Specifically, Xiaomi seeks an order from the Court authorizing it to serve a subpoena on CCC seeking the production of certain documents to be used in its defense of CCC's lawsuit in Germany and entering a protective order applying the parties' Non-Disclosure Agreement.

## II.    Legal Standard

Under 28 U.S.C. § 1782, a person may seek the assistance of a federal district court to obtain evidence for use in a foreign proceeding. "Section 1782 is the most recent version of statutes that for more than 150 years have 'provide[d] federal-court assistance in gathering evidence for use in foreign tribunals." *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968, 970 (5th Cir. 2020) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004)).

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

---

[1] Applications under § 1782 are properly filed *ex parte*. *See, e.g.*, *In re Rivada Networks*, 230 F. Supp. 3d 467, 473 (E.D. Va. 2017) (stating that filing *ex parte* § 1782 application "was proper—indeed, that decision was unremarkable, as § 1782 applications are routinely filed *ex parte*"); *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (stating that district courts routinely grant § 1782 applications *ex parte* because the respondent can challenge any discovery request by moving to quash the subpoena pursuant to Rule 45(c)(3)); *Super Vitaminas, S. A.*, No. 17-MC-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) ("It is both common and proper to conduct an *ex parte* process for a request to obtain an order authorizing discovery pursuant to § 1782.").

28 U.S.C. § 1782(a). Accordingly, an application made pursuant to Section 1782 must satisfy three statutory requirements: (1) the person from whom discovery is sought resides or is found within the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or an interested person. *Texas Keystone, Inc. v. Prime Nat. Res.*, *Inc.*, 694 F.3d 548, 553 (5th Cir. 2012). Once an interested party makes the requisite showing that it has met the three statutory factors, the district court in its discretion may grant the application. *Texas Keystone*, 694 F.3d at 553. Section 1782(a) "authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *Intel Corp.*, 542 U.S. at 247.

### III.     Analysis

Xiaomi alleges that CCC resides or is found in the Western District of Texas because CCC "is located at 206 E. 9th St., Suite 1300, Austin, Texas 78701-4411, which is in this District." Dkt. 1-3 at 13. In support, Xiaomi submits a document from the Texas Office of the Comptroller showing the E. 9th St. address as CCC's mailing address and a document from the Texas Secretary of State indicating that CCC's registered agent recently changed its address from E. 9th St. to 1501 S. Mopac Expressway, Suite 200, Austin, Texas 78746. Dkt. 1-4 at 15-16. Xiaomi does not allege that CCC maintains an office in this District.

### A.  Meaning of "Resides or Is Found"

To determine whether Xiaomi's allegation is sufficient to satisfy the first requirement of § 1782, the Court must determine the meaning of "resides or is found." The statute does not define "resides or is found." When words in a statute are undefined, courts should interpret them according "their ordinary, contemporary, common meaning." *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 269 (5th Cir. 2015).

Because "reside" and "is found" are separated by "or," the terms are presumed to carry different meanings. *Cascabel Cattle Co., L.L.C. v. United States*, 955 F.3d 445, 451 (5th Cir. 2020). Nevertheless, some courts interpreting § 1782(a) and similar statutes have given the phrase a single meaning. *See, e.g.*, *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019) (holding that "§ 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process"); *cf.* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER") § 3819 (4th ed. 2022) (stating that "resides" and "may be found" are "co-extensive" for purpose of 28 U.S.C. § 1400(a)).

As the Fourth Circuit observed in *In re Eli Lilly & Co.*, 37 F.4th 160, 163 (4th Cir. 2022), of the two terms, "resides" is the "more demanding term to satisfy." Therefore, because the Court finds below that Xiaomi has not made the less demanding showing that CCC "is found" in this District, the Court need not analyze separately the meaning of the term "resides."

The Fifth Circuit Court of Appeals has not addressed the meaning of "resides or is found" in § 1782(a), but the Court reviews decisions from other courts for persuasive guidance. Courts in this Circuit have held that a corporation "resides or is found" in a district where it is headquartered or incorporated. *See, e.g.*, *LEG Q LLC v. RSR Corp.*, No. 3:17-CV-1559-N-BN, 2017 WL 3780213, at *2 (N.D. Tex. Aug. 31, 2017) (finding that subpoena recipients "reside or may be found" in the Northern District of Texas because they were "headquartered and maintain[ed] their principal places of businesses in Dallas"); *see also In re Masters*, 315 F. Supp. 3d 269, 274 (D.D.C. 2018) (stating that courts "appear to agree that a corporation is 'found' in a district where it is headquartered or incorporated"). This does not end the Court's inquiry, as Xiaomi does not allege that CCC is headquartered, incorporated, or maintains its principal place of business in this District. Beyond this, courts have taken divergent approaches to defining "resides or is found."

### 1.  Coextensive with Personal Jurisdiction

Xiaomi cites *Del Valle Ruiz*, 939 F.3d at 528, in which the Second Circuit held that the phrase "resides or is found" in § 1782 extends to "the limits of personal jurisdiction consistent with due process." In doing so, the Second Circuit relied on its prior holding in *In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002), in which the court reasoned that "what it means to be found in a particular locale is already the subject of well-settled case law on territorial jurisdiction," and because § 1782(a) "is simply a discovery mechanism and does not subject a person to liability," it does not require more. *Del Valle Ruiz*, 939 F.3d at 526. The Second Circuit further observed that courts "have consistently given broad interpretations to similar 'found' language in other statutes," *id.* at 528, and Congress intended § 1782 to be "interpreted broadly." *Id.* (quoting *In re Edelman*, 295 F.3d at 178). Accordingly, the Second Circuit rejected the argument that a court's jurisdiction under § 1782 is limited to instances where the court has general jurisdiction over the source of discovery and confirmed that the phrase "resides or is found" extends to the limits of personal jurisdiction. *Id.*

Courts in this Circuit have interpreted similar language in other statutes in accordance with the Second Circuit's personal jurisdiction approach. For example, in *Huffman v. Activision Publ'g, Inc.*, No. 2:19-CV-00050-RWS, 2019 WL 12498087, at *5 (E.D. Tex. Nov. 27, 2019), *R. & R. adopted*, 2020 WL 8269309 (E.D. Tex. Feb. 25, 2020), the court construed 28 U.S.C. § 1400(a), which states that a copyright infringement action can be filed "in [any] district in which the defendant or his agent resides or may be found." Relying on "the Fifth Circuit's longstanding understanding of this term as analogous to where a party is subject to personal jurisdiction," the court held "may be found" analogous to where a party is subject to personal jurisdiction. *Id.* (citing *Time, Inc. v. Manning*, 366 F.2d 690, 697-98 (5th Cir. 1966)); *see also* 14D WRIGHT & MILLER

§ 3819 ("Courts conclude that a defendant 'may be found' in a district, for purposes of Section 1400(a), wherever the defendant is amenable to process or subject to personal jurisdiction.").

Numerous other courts also have followed the Second Circuit's approach. *See, e.g.*, *In re Tovmasyan*, 557 F. Supp. 3d 348, 354 (D.P.R. 2021) ("Circuit Courts of Appeals have found that Section 1782's 'resides or is found' language extends 'to the limits of personal jurisdiction consistent with due process.'" (quoting *Del Valle Ruiz*, 939 F.3d at 528)); *In re Inmobiliaria Tova, S.A.*, No. 20-24981-MC, 2021 WL 925517, at *4-5 (S.D. Fla. Mar. 10, 2021); *Fialdini*, No. 21-MC-0007-WJM-NYW, 2021 WL 411105, at *4 (D. Colo. Feb. 5, 2021).

### 2.  Physical Presence Requirement

The Fourth Circuit, however, has declined to follow the Second Circuit's approach. In *Eli Lilly*, 37 F.4th at 165, the Fourth Circuit held that "a corporation is found where it is physically present by its officers and agents carrying on the corporation's business." In so doing, the Fourth Circuit relied on definitions of the term "found" contemporaneous with the enactment of § 1782 in 1948. *Id.* at 164. The court noted that *Black's Law Dictionary* defined "found" as "requiring that the corporation 'be doing business in such state through an officer or agent or by statutory authority in such manner as to render it liable then to suit and to constructive or substituted service of process,' thereby establishing its 'actual presence' there." *Id.* (quoting *Black's Law Dictionary* (4th ed. 1951) and citing similar definition in 1933 edition).

The Fourth Circuit also reviewed Supreme Court interpretations of similar statutory language predating § 1782's enactment. For example, when "constru[ing] the identical statutory language" in § 7 of the Sherman Act, the Court held that "a corporation, to be 'found' in a district, 'must be present in the district by its officers and agents carrying on the business of the corporation,' thus requiring a form of physical presence in the district." *Id.* (quoting *People's Tobacco Co. v. Am. Tobacco Co.*, 246 U.S. 79, 84 (1918)). Additionally, in *Eastman Kodak Co. of N.Y. v. S. Photo*

6

*Materials Co.*, 273 U.S. 359 (1927), the Supreme Court construed § 12 of the Clayton Act, which provided that antitrust actions "against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business." The Fourth Circuit noted that, in distinguishing "transacts business" from "found," the Supreme Court stated that a corporation "could 'transact[ ] business' in a district even if it is 'not present by agents carrying on business of such character and in such manner that it is 'found' therein.'" *Id.* at 164-65 (quoting *Eastman Kodak*, 273 U.S. at 373). Based on this analysis, the Fourth Circuit held that "found" is not coextensive with personal jurisdiction, but instead requires physical presence in the district. *Id.* at 167.

Similarly, district courts in the Ninth Circuit have concluded that an entity's "presence" in the district satisfies the first statutory requirement, *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-MC-80215-WHO, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020), and that having an office in the district is sufficient. *See, e.g.*, *In re Application of Credit Suisse Virtuoso SICAV-SIF*, No. 21-MC-80308-JCS, 2022 WL 1786050, at *7 (N.D. Cal. June 1, 2022); *Matter of Lufthansa Technick AG*, No. C17-1453-JCC, 2019 WL 280000, at *1 (W.D. Wash. Jan. 22, 2019) (finding that corporate office within district "which conducts key business functions" satisfied § 1782); *In re Super Vitaminas, S.A.*, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017); *In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016).

## B. Xiaomi Has Not Shown that CCC "Resides or Is Found" in this District

Xiaomi has not alleged facts sufficient to establish that CCC "resides or is found" in this District under either construction of § 1782 detailed above.

### 1. Personal Jurisdiction

A defendant's contacts with the forum state may give rise to general or specific jurisdiction. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). A court may exercise general personal jurisdiction over a corporation only "when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum state.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The place of incorporation and principal place of business are "paradigm" bases for general jurisdiction. *Id.* at 137.

Specific jurisdiction exists where a non-resident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Halliburton Energy Services, Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001)). The Fifth Circuit has articulated a three-step analysis for the specific jurisdiction inquiry:

> 1. whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there;
>
> 2. whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
>
> 3. whether the exercise of personal jurisdiction is fair and reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (citation omitted). For purposes of § 1782(a), the Second Circuit noted that "the relevant 'forum' is limited to the *district* in which the district court sits." *Del Valle Ruiz*, 939 F.3d at 529 n.10 (citing 28 U.S.C. § 1782(a)'s reference to "[t]he district court of the district in which a person resides or is found").

As stated above, Xiaomi does not allege that CCC is incorporated or has its principal place of business in this District. Xiaomi asserts only that CCC is a Texas limited liability company that maintains a registered agent and a mailing address in this District. Dkt. 1-3 at 1-2, 13. But "registration of an agent for receipt of process does not establish general jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005); *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) ("A registered agent, from any conceivable perspective, hardly amounts to "the general business presence" of a corporation so as to sustain an assertion of general jurisdiction."). Therefore, the Fifth Circuit does not recognize "mere service on a corporate agent" as a means of establishing jurisdiction over a corporation. *Wenche Siemer*, 966 F.2d at 182.[2] CCC's mailing address also is insufficient to establish general jurisdiction. *Ward v. Rhode*, 544 Fed. App'x 349, 352 (5th Cir. 2013) (holding that mailing addresses and location of website servers were insufficient to establish general jurisdiction). Accordingly, the Court finds that Xiaomi has not alleged that CCC "engages in a substantial, continuous, and systematic course of business" in this District. *Daimler AG*, 571 U.S. at 119.

Nor has Xiaomi established specific jurisdiction over CCC. Even if having a registered agent and a mailing address in this District were sufficient to establish minimum contacts, Xiaomi makes no argument in support of the second step of the inquiry—that the German litigation arises out of those contacts. *Alexander v. Anheuser-Busch, L.L.C.*, No. 19-30993, 2021 WL 3439131, at *3 (5th Cir. Aug. 5, 2021) (holding that presence of employees, sale of products, and registered agent were insufficient because plaintiff failed to show his claims arose out of forum-related contacts), *cert. denied*, 142 S. Ct. 716 (2021). As the Second Circuit stated in *Del Valle Ruiz*, 939 F.3d at

---

[2] *But see, e.g.*, *In re Kurbatova*, Case No. 18-mc-81554, 2019 WL 2180704, at *2 (S.D. Fla. May 20, 2019) (finding that corporation that was both served with subpoena and maintains registered agent in the district "was 'found' in Florida within the meaning of § 1782").

530, an applicant must show that the "primary or proximate reason that the evidence sought is available at all" is that the source of discovery "purposefully availed itself of the forum." No such showing has been made here.

### 2. Physical Presence

Xiaomi also has not stated facts sufficient to satisfy the physical presence interpretation. In *Eli Lilly*, 37 F.4th at 165, the Fourth Circuit held that "found" refers to a corporation being physically present in a district by its officers and agents carrying on the corporation's business. The Court finds that having a mailing address and a registered agent in this District is insufficient to establish physical presence under § 1782.

## IV.    Conclusion

Xiaomi has failed to satisfy the first statutory requirement of 28 U.S.C. § 1782 by showing that CCC "resides or is found" in this District. Accordingly, the undersigned recommends that its Application should be denied.

## V.    Recommendation

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** the *Ex Parte* Application of Xiaomi Technology Germany GmbH and Xiaomi Technology Netherlands B.V. for (1) an Order, Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding and (2) a Protective Order (Dkt. 1).

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

## VI.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 2, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE