IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE:<br><br>*EX PARTE* APPLICATION OF XIAOMI TECHNOLOGY GERMANY GMBH AND XIAOMI TECHNOLOGY NETHERLANDS B.V. FOR (1) AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS, AND (2) A PROTECTIVE ORDER | §<br>§<br>§<br>§<br>§  Misc. Action No. 1:22-MC-00768-LY<br>§<br>§  Filed EX PARTE<br>§<br>§<br>§ |

## *EX PARTE* APPLICANTS XIAOMI TECHNOLOGY GERMANY GMBH AND XIAOMI TECHNOLOGY NETHERLANDS B.V. OBJECTIONS TO REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

*Ex Parte* Applicants Xiaomi Technology Germany GmbH and Xiaomi Technology Netherlands B.V. (collectively "Xiaomi"), pursuant to Fed. R. Civ. P. 72(b)(2), by and through their undersigned attorneys, respectfully submit these Objections to the Report and Recommendation of the United States Magistrate Judge (Dkt. 7).

### I. SUMMARY OF OBJECTIONS

The R&R erroneously concludes that the proposed subpoena recipient Crystal Clear Codec LLC ("CCC"), a domestic Texas Limited Liability Company having its registered office in the Western District of Texas, and having its registered agent for service likewise located in this District, neither "resides or is found" in this District as required by 28 U.S.C. § 1782 because it is neither subject to this Court's exercise of personal jurisdiction (Dkt. 7 at 5-6, 8-9), nor has a "physical presence" in this District (Dkt. 7 at 4, 6-7, 10). The analyses set forth in the R&R and conclusions reached by those analyses are legally erroneous in every material respect.

With respect to its personal jurisdiction analysis, the R&R does not explain why a domestic Texas LLC, organized under the laws of Texas, and having both a registered office and a registered

agent for service in this judicial district in Texas, is not *always* subject to the "general" form of *in personam* jurisdiction in this District.  The R&R erroneously concludes that the combination of: (1) CCC being a Texas LLC, (2) CCC being formed under the laws of Texas, (3) CCC having an in-District registered office location, and (4) CCC having an in-District registered corporate agent location, is insufficient to establish this Court's general personal jurisdiction over CCC in the context of an application for discovery under 28 U.S.C. § 1782.  On the way to reaching its erroneous legal conclusion in this regard, the R&R cites and relies only on inapposite cases involving foreign, i.e., nonresident, entities who merely had in-State designated agents for service but no other contacts with Texas.  Dkt. 7 at 9.  Simply put, the R&R fails to explain why CCC, a domestic Texas LLC, is not subject to this Texas-sitting federal District Court's exercise of general personal jurisdiction.

Furthermore, the R&R next erroneously analyzes and concludes that Xiaomi have failed to establish this Court's specific jurisdiction over the CCC, i.e., "that the German litigation arises out of those contacts [of CCC with Texas]."  Dkt. 7 at 9-10.  Xiaomi failed to so "establish" because no such requirement exists in either law or logic with respect to this Court's exercise of personal jurisdiction over a domestic Texas LLC.  Xiaomi's research has not found a single Texas court decision, whether state or federal, that has *ever* applied the requirements of specific personal jurisdiction in a discussion of personal jurisdiction over a domestic Texas LLC.  The R&R's entire discussion of specific jurisdiction is misplaced and irrelevant.

Next, the R&R alternatively yet equally erroneously relies on a recent Fourth Circuit decision holding that the "resides or is found" language of 28 U.S.C. § 1782 includes an in-district "physical presence" requirement.  Dkt. 7 at 4, 6-7.  Apart from being decided against the great

weight of authority and creating a new circuit split,[1] the Fourth Circuit's decision involved a proposed § 1782 subpoena respondent who is "a Swiss company with no physical presence in the United States or the Eastern District of Virginia."[2] Should this Court adopt the Fourth Circuit's new "physical presence" requirement for Section 1782, it will be the first district court in the United States to do so, and the first to hold that a domestic Texas LLC, organized under the laws of Texas, and whose registered office and registered agent are located in Austin, Texas, neither "resides or is found" in the Western District of Texas unless it also has a "physical presence" in this District.

In sum, the legal analysis set forth in the R&R is deeply flawed in all material respects, and should not be adopted by the Court.

## II. FACTUAL AND LEGAL BACKGROUND

The R&R accurately summarizes the background of Xiaomi's Application, as far as it goes, including its acknowledgement that CCC is a Texas Limited Liability Company. Additional facts and legal considerations relevant to Xiaomi's request for this Court's authorization to conduct discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782 are set forth in the Application.[3] Also filed with the Application was a description of the limited nature of the proposed document subpoena.[4]

---

[1] *See* "Lost and "Found": Fourth Circuit Interpretation of Discovery in Support of Foreign Litigation Opens Circuit Split," The National Law Review (https://www.natlawreview.com/article/lost-and-found-fourth-circuit-interpretation-discovery-support-foreign-litigation).

[2] *In re Eli Lilly & Co.*, 580 F.Supp.3d ___, 2022 WL 152376, *1 (E.D. Va.), *aff'd*, 37 F.4th 160 (4th Cir. 2022).

[3] Dkt. 1-3 at 2-4.

[4] Dkt. 1-3 at 4-5, and Exhibit A to Dkt. 1-4, DECLARATION OF PETER C. SCHECHTER IN SUPPORT OF EX PARTE PETITION FOR AN ORDER PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS UNDER 28 U.S.C. § 1782 AND FOR A PROTECTIVE ORDER.

The Fifth Circuit case quoted in the R&R (Dkt. 7 at 2) explains the purpose and procedure of 28 U.S.C. § 1782 as follows:

> Section 1782 is the most recent version of statutes that for more than 150 years have "provide[d] federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248–49, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004). On receiving a section 1782 application, the district court first decides whether the petitioner meets the statutory requirements. *Texas Keystone, Inc. v. Prime Natural Resources*, 694 F.3d 548, 553 (5th Cir. 2012). If so, then the court may but need not order the discovery. *Intel*, 542 U.S. at 247, 255, 264, 124 S.Ct. 2466. A number of considerations influence that discretionary call. *Id.* at 264–65, 124 S.Ct. 2466; *see also Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 376 n.3 (5th Cir. 2010).[1]
>
> [1] The discretionary *Intel* factors include:
> (i) whether the person from whom discovery is sought is a participant in the foreign proceeding …,
> (ii) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance,
> (iii) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States, and
> (iv) whether the § 1782(a) request is unduly intrusive or burdensome. *Ecuadorian Plaintiffs*, 619 F.3d at 376 n.3 (quoting *Intel*, 542 U.S. at 264–65, 124 S.Ct. 2466).

*Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968, 970 (5th Cir. 2020) (dismissing appeal for lack of appellate jurisdiction). Because the R&R concludes that Xiaomi did not meet the statutory requirements, it does not address the discretionary *Intel* factors presented and discussed in Xiaomi's Application (Dkt. 1-3 at 9-14).

### III. <u>ARGUMENT</u>

**A. The R&R's General Jurisdiction Analysis is flawed**

With respect to its personal jurisdiction analysis, the R&R states that "Xiaomi does not allege that CCC maintains an office in this District (Dkt. 7 at 3), immediately after quoting Xiaomi's Application as stating that "CCC's most recent filings with the Texas Secretary of State and Texas Comptroller's Office indicate that *CCC is located at 206 E. 9th St., Suite 1300, Austin, Texas 78701-4411, which is in this District*." *Id.* The R&R statement is incorrect; no "magic words" are required. Xiaomi meant what it said in its Application: "CCC is located at 206 E. 9th St., Suite 1300, Austin, Texas 78701-4411, which is in this District."[5]

A domestic Texas Limited Liability Company, organized under the laws of Texas, i.e., Tex. Bus. Org. Code, Title 3, Ch. 101, and having both a registered office and a registered agent for service in this judicial district in Texas, is always subject to the "general" form of *in personam* jurisdiction in Texas. When a domestic Texas LLC organizes itself under Texas law and sets up shop in the Western District of Texas, it is subject to this Court's exercise of personal jurisdiction over it, without any more required. Without citation or explanation, the R&R nonetheless reaches the conclusion that the combination of: (1) CCC being a Texas LLC, (2) CCC being formed under the laws of Texas, (3) CCC having an in-District registered office location, and (4) CCC having an in-District registered corporate agent location, is insufficient to establish this Court's general personal jurisdiction over CCC in the context of an application for discovery under 28 U.S.C. § 1782. That conclusion is clearly erroneous and is based only on inapposite cases involving foreign,

---

[5] As the R&R correctly points out (Dkt. 7 at 2 n.1), CCC would have the opportunity to challenge Xiaomi's assertion that it is located at its Austin registered office address by moving to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3), just as happened in *In re Kurbatova*, Case No. 18-mc-81554, 2019 WL 2180704 (S.D. Fla. May 20, 2019), cited at 9 n.2 in the R&R. It is for this reason that § 1782 applications are routinely filed and decided *ex parte*. *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2nd Cir. 2012).

5

i.e., nonresident, entities who merely had in-State designated agents for service but no other contacts with Texas. Dkt. 7 at 9.

The R&R states that a company's "place of incorporation and principal place of business are "paradigm" bases for general jurisdiction. Dkt. 7 at 8. Being a domestic Texas LLC, CCC was formed in and under the laws of Texas. The R&R does not explain why this is insufficient to establish general jurisdiction over CCC. Instead, the R&R focuses on the location of registered agents of out-of-state entities. In *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419 (5th Cir. 2005), the court properly denied an assertion of general jurisdiction over a German company with no contacts whatsoever with Texas other than its designation of a registered agent for service. "[A]ppellants' only evidence relevant to extending the district court's general jurisdiction was that Bertelsmann Media Group ("BMG"), a subsidiary of Bertelsmann, Inc., has a registered agent capable of receiving process in Texas." *Id.*, at 428. Likewise, in *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179 (5th Cir. 1992), while Learjet had an agent for process in Dallas, and a certificate giving it the right to do business in Texas, it was a Delaware corporation with its principal place of business in Kansas, with no employee, officer or director in Texas, no interest in real property in Texas, no deposit in any financial institution in Texas, and indeed no facility of office of any kind located in Texas. "Plaintiffs urge us to hold, quite simply, that in state service on a designated corporate agent without more, satisfies the requirements of due process. This Court has never so held and we decline to do so now." *Id.*, at 180-81. These cases have nothing to do with the exercise of general jurisdiction over CCC, a domestic Texas LLC organized under the laws of Texas with a registered office and a registered agent in Texas.

The R&R next cites *Ward v. Rhode*, 544 Fed. App'x 349, 352 (5th Cir. 2013), for the proposition "that mailing addresses and location of website servers were insufficient to establish

6

general jurisdiction." Dkt. 7 at 9.  Like the defendants in *Fielding* and *Wenche Siemer*, the defendants Stephen and Pamela Rhode were not residents of Texas.  Their only purported contacts with Texas were that some of their corporate entities had a mailing address in Houston, and that websites allegedly associated with them were hosted on website servers located in San Antonio.  The Rhodes themselves, as individuals, had no contacts whatsoever with Texas except for the fact that at some time in the past they had obtained Texas driver's licenses.  *Ward*, 544 Fed. App'x at 352.

The R&R's characterization of *Ward* is thus plainly inaccurate; correctly stated, it should read: "mailing addresses of corporate entities related to nonresident individuals, and location of website servers hosting websites associated with those nonresident individuals, were insufficient to establish general jurisdiction over the nonresident individuals themselves."  Like *Fielding* and *Wenche Siemer*, *Ward* has nothing to do with this Court's exercise of general jurisdiction over a domestic Texas LLC organized under the laws of Texas with a registered office and a registered agent in Texas.  The R&R concludes this portion of its analysis by "find[ing] that Xiaomi has not alleged that CCC 'engages in a substantial, continuous, and systematic course of business' in this District." Dkt. 7 at 9.  No such allegation is necessary or appropriate here.

Simply put, the R&R fails to explain why CCC, a domestic Texas LLC organized under the laws of Texas with a registered office and a registered agent in Texas, is not always subject to this Texas-sitting federal District Court's exercise of general personal jurisdiction.

B. **The R&R'S specific jurisdiction analysis is misplaced and irrelevant**

The R&R next erroneously analyzes and concludes that Xiaomi have failed to establish this Court's specific jurisdiction over the CCC, i.e., "that the German litigation arises out of those contacts [of CCC with Texas]." Dkt. 7 at 9-10.  Xiaomi failed to so "establish" because no such requirement exists in either law or logic; the doctrine of specific jurisdiction only arises in the case of a Court's exercise of personal jurisdiction over an out-of-state entity, through the state's long-arm statute.  The Texas long-arm statutes, generally codified under Chapter 17, Subchapter C of the Texas Civil Practice and Remedies Code, have absolutely nothing to do with Xiaomi's Application.

Put most succinctly, specific jurisdiction is *never* used in Texas to exercise personal jurisdiction over a domestic Texas LLC.  Xiaomi's research has not found a single Texas court decision, whether state or federal, that has *ever* applied the requirements of specific personal jurisdiction in a discussion of an in-state court's exercise of personal jurisdiction over a domestic Texas Limited Liability Company.  *Alexander v. Anheuser-Busch, L.L.C.*, N0. 19-30993, 2021 WL 3439131 (5th Cir. Aug. 5, 2021), dealt with a Louisiana *pro se* plaintiff's attempt to sue nonresidents AB Worldwide and Anheuser-Busch, LLC on theories of general and specific jurisdiction.  Both attempts failed, the latter failing because whatever minimum contacts Anheuser-Busch did have (which did not give rise to general jurisdiction, those contacts were not shown to be related to the plaintiff's injury. *Id.*, at *2-*3.  This is not a remarkable result.

Likewise, in the *Del Val Ruiz* case also relied upon in the R&R on this point, the quoted language appears in a section that begins: "Petitioners ask that we add clarity to two unresolved issues of specific jurisdiction." *In re Del Val Ruiz*, 939 F.3d 520, 529 (2nd Cir. 2019).  This "ask" appears, in turn, in the Second Circuit's larger discussion that begins: "'The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the

8

relationship among the defendant, the forum, and the litigation.' *Walden v. Fiore*, 571 U.S. 277, 283–84, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014) (internal quotation marks omitted)." *Id.*, at 528. The Second Circuit's comments in *Del Val Ruiz* about the requirements for exercising specific jurisdiction over a nonresident defendant have nothing to do with this Court's exercise of general jurisdiction over CCC, a domestic Texas LLC organized under the laws of Texas with a registered office and a registered agent in Texas.

The R&R's entire discussion of specific jurisdiction is misplaced and irrelevant.

**C. The fourth Circuit's "physical presence" requirement goes against the weight of authority and is distinguishable in any event**

Finally, the R&R alternatively yet equally erroneously relies on a recent Fourth Circuit decision that rejects the great weight of authority adopting the Second Circuit's *Del Val Ruiz* reasoning that the "resides or is found" language of 28 U.S.C. § 1782 extends to "the limits of personal jurisdiction consistent with due process," instead holding that the "resides or is found" language includes an in-district "physical presence" requirement. R&R at 4, 6-7, discussing *In re Eli Lilly & Co.*, 37 F.4th 160 (4th Cir. 2022). As noted at n.1 *infra*, the Fourth Circuit has created a circuit split on the meaning of "resides or is found" in § 1782.

Like all of *Fielding*, *Wenche Siemer*, *Ward*, and *Alexander*, *Eli Lilly* also involved a district court's exercise of personal jurisdiction over a nonresident; Novartis, the proposed § 1782 subpoena recipient in *Eli Lilly*, is "a Swiss company with no physical presence in the United States or the Eastern District of Virginia." *In re Eli Lilly & Co.*, 580 F.Supp.3d ___, 2022 WL 152376, *1 (E.D. Va.), *aff'd*, 37 F.4th 160 (4th Cir. 2022). *Eli Lilly* does not deal at all with the fact pattern presented by Xiaomi's Application.

In its analysis of the Fourth Circuit's new "physical presence" requirement for § 1782, the R&R first notes that the Second Circuit (in *Del Valle Ruiz*) and "some" other courts have

9

interpreted the "resides or is found" language in § 1782 and similar statutes to extend to "the limits of personal jurisdiction consistent with due process." Dkt. 7 at 4. The R&R further notes that this Court's sister courts in the Fifth Circuit "have interpreted similar language in other statutes in accordance with the Second Circuit's personal jurisdiction approach." Dkt. 7 at 5. The R&R even states:

> … Relying on "the Fifth Circuit's longstanding understanding of this term as analogous to where a party is subject to personal jurisdiction," the court held "may be found" analogous to where a party is subject to personal jurisdiction. *Id.* (citing *Time, Inc. v. Manning*, 366 F.2d 690, 697-98 (5th Cir. 1966)); *see also* 14D WRIGHT & MILLER § 3819 ("Courts conclude that a defendant 'may be found' in a district, for purposes of Section 1400(a), wherever the defendant is amenable to process or subject to personal jurisdiction.").
> Numerous other courts also have followed the Second Circuit's approach.

Dkt. 7 at 5-6.

The R&R then notes that the Fourth Circuit conducted its own legal analysis and "held that 'found' is not coextensive with personal jurisdiction, but instead requires physical presence in the district." Dkt. 7 at 7.

The R&R then seems to say that district courts in the Ninth Circuit are in accord with the Fourth Circuit's recent holding. That is incorrect. The circuit split was *newly created* by the Fourth Circuit's *Eli Lilly* decision; that court did not adopt the reasoning of district courts in the Ninth Circuit. Each Ninth Circuit district court case cited in the R&R merely concluded that an nonresident entity's "presence" in the form of an in-district office is sufficient to satisfy the "resides or is found" requirement of § 1782, including a case holding "that having an office in the district is sufficient." Dkt. 7 at 7, citing *In re Application of Credit Suisse Virtuoso SICAVSIF*, No. 21-MC-80308-JCS, 2022 WL 1786050, at *7 (N.D. Cal. June 1, 2022) (subpoenaed

10

nonresident SBIA-US had an office in the district; no mention of headquarters or principal place of business); *Matter of Lufthansa Technick AG*, No. C17-1453-JCC, 2019 WL 280000, at *1 (W.D. Wash. Jan. 22, 2019) (nonresident subpoena respondent found in district because it "maintains a corporate office in Bothell, Washington which conducts key business functions"); *In re Super Vitaminas, S.A.*, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (nonresident respondent Microsoft maintains corporate sales offices in San Francisco and Mountain View) (N.D. Cal. Nov. 20, 2017); and *In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (respondent HTC America, Inc. is found in Northern District because its website says it maintains an office in San Francisco). In each of these cases, the presence of the nonresident's in-district office easily fell within the limits of personal jurisdiction consistent with due process, which is all that is required by any courts outside of the Fourth Circuit.

Other Ninth Circuit district court cases are to the same effect. *See, e.g.*, *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (finding subpoenaed nonresident parties were "found" within the Northern District for purposes of Section 1782 because they maintained "in-district offices" through which they conduct "systematic and continuous local activities"); *In re Republic of Equador*, Nos. C 11-80171 CRB, C 11-80172 CRB, 2011 WL 4434816, at *2 (N.D. Cal. Sept. 23, 2011) (finding first statutory factor met where nonresident subpoenaed party had an office in Menlo Park, California).

All of these decisions by Ninth Circuit district courts stand for the same unremarkable proposition that a nonresident company that has an office in a judicial district is "found" in that district for the purposes of 28 U.S.C. § 1782, presumably because they are subject to personal jurisdiction well within the bounds of due process. The cases do not hold that any particular kind of office is required, nor that there is no other way to establish that a nonresident subpoena

respondent meets the "resides or is found" criterion of the statute. The precise issue is not discussed in any of the Ninth Circuit district court cases because none of the respondents contested that the "resides or is found" criterion was satisfied. Most importantly, none relates to the issue analogous to the one before this Court, that is, whether a California LLC, formed under the laws of California and having a registered California address and registered California agent for service, meets the "resides or is found" requirement in California for the purposes of § 1782.

Should this Court adopt the Fourth Circuit's "physical presence" <u>requirement</u> for determining whether a *resident* Limited Liability Company is found in its home state of formation, it will be the first district court in the United States to do so, and the first to hold that a domestic Texas LLC, organized under the laws of Texas, and whose registered office and registered agent are located in Austin, Texas, neither "resides or is found" in the Western District of Texas unless it also has a "physical presence" in this District.

## IV.     CONCLUSION

Xiaomi's Application demonstrated all that is required to satisfy the Section 1782 statutory requirements for judicial assistance in obtaining discovery for use in the German Case between Xiaomi and a Polish subsidiary of CCC pending before the Munich District Court I, case number 21 O 11199/21. As fully explained in Xiaomi's Application and its supporting documents, consideration of the discretionary *Intel* factors favors this Court's granting authorization for Xiaomi to serve a narrowly tailored document subpoena on CCC. Xiaomi therefore requests that the Court reject the Report and Recommendation of the United States Magistrate Judge, and grant Xiaomi's Application. In the unlikely event that CCC feels wronged by the subpoena, it will be free to move to quash for any purported reason, including that Xiaomi's Application allegedly failed to satisfy the requirements of 28 U.S.C. § 1782.

Dated: September 7, 2022    Respectfully submitted,

*/s/ Peter C. Schechter*
Peter C. Schechter
State Bar No. 24090761
schechter@obwbip.com
Tammy J. Terry
State Bar No. 24045660
terry@obwbip.com
Califf T. Cooper
State Bar No. 24055345
cooper@obwbip.com
OSHA BERGMAN WATANABE & BURTON LLP
1100 Louisiana Street, Suite 4900
Houston, Texas 77002
713.228.8600 Telephone
713.228.8778 Facsimile

***ATTORNEYS FOR EX PARTE APPLICANT***